IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES DANIELS,<br>1404 Country Club Road<br>Sherwood, Arkansas 72120<br><br>and<br><br>BROTHERHOOD OF LOCOMOTIVE<br>ENGINEERS AND TRAINMEN,<br>CENTRAL REGION,<br>320 Brookes Drive, Suite 115<br>Hazelwood, MO 63042<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD<br>COMPANY<br>600 13th Street., N.W., Room 340<br>Washington DC 20008<br><br>and<br><br>LOCOMOTIVE<br>ENGINEER REVIEW BOARD<br>And FEDERAL RAILROAD<br>ADMINISTRATION<br>1120 Vermont Avenue, N.W.<br>Stop 35<br>Washington, D.C. 20005<br><br>Defendants. | )<br>)<br>),<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____<br><br>Jury Demanded on all Counts so<br>Triable |

## COMPLAINT

1.      In this *Bivens* action plaintiffs seek to bar defendant Union Pacific Railroad

Company from taking the Class I certificates or licenses of its engineers without a prior hearing

or prompt post-deprivation hearing or any other due process in violation of the Due Process

Clause of the Fifth Amendment. Furthermore, plaintiffs seek to bar the same defendant Union

Pacific Railroad Company from taking these licenses on grounds other than by a prompt hearing

on grounds set out in federal regulations. Plaintiffs challenge the claim of defendant Union

Pacific Railroad Company that the license or certificate of plaintiff Daniels was not revoked but

"re-classified" or that his property in such license was not taken in violation of the Due Process

Clause. Plaintiff Daniels lost the right to use his federal license or Class I certificate (a copy of

which is attached as Exhibit A); he was given a student license or Class III certificate under

which he could operate a locomotive only on a limited basis and under supervision. Plaintiffs

Charles Daniels and the Brotherhood of Locomotive Engineers Central Conference bring this

*Bivens* action against the defendant Union Pacific Railroad Company because the defendant

carrier acts under color of federal law in taking away a federal license without a prior hearing or

prompt post-deprivation hearing. Plaintiffs sue without further exhaustion of their administrative

remedies because in the decision in plaintiff Daniels case on April 19, 2006 (FRA Docket No.

Eqal 00 -51) the Administrative Law Judge of the defendant Federal Railroad Administration

failed to decide or even discuss whether the Class I license of plaintiff Daniels should have been

revoked without a hearing in September 1999 but decided only that he was appropriately denied

re-certification as a student later. Furthermore, further exhaustion would be futile. Similarly, the

defendant Federal Railroad Administration had failed to hear and decide due process claims of

other engineers in a timely manner, and their administrative claims of denial of due process have

been pending now for a lengthy period. The threat that other Class I licenses will be taken

without a prior or prompt post-deprivation hearing to determine if there is a basis for revocation

under federal regulations and the chronic failure of the Federal Railroad Administration to require such a hearing despite its own regulations justifies legal and injunctive relief in this court.

2.      Though plaintiffs seek injunctive and legal relief against the defendant Union Pacific Railroad Company, plaintiffs also seek review under the Fifth Amendment of the policies and practices of the Federal Railroad Administration and the Locomotive Engineer Review Board in letting the defendant carrier take away federal Class I licenses without a prior hearing or prompt post deprivation hearing.  The defendant BLET sues on behalf of locomotive engineers other than plaintiff Daniels who have lost their Class I licenses without any hearing at all to date or who face the risk of such loss without any hearing of any kind and have no adequate administrative remedy because the Federal Railroad Administration does not address the issue or is unwilling to address the constitutional claim and there is no "order" with respect to plaintiff Daniels dealing with such issue.

### PARTIES

1.      Plaintiff Charles Daniels resides at 1404 Country Club Road, Sherwood, Arkansas, 72120.

2.      Plaintiff Brotherhood of Locomotive Engineers and Trainmen, Central Region (BLET) is a labor organization representing locomotive engineers in Arkansas and other states and has its principal office 320 Brookes Drive, Suite 115 in Hazelwood, Missouri 63042.

3.      Defendant Union Pacific Railroad Company (Union Pacific) is a corporation doing business in Washington, D.C. and has its principal place of business in Omaha, Nebraska, and an office at 600 13th Street., N.W. Room 340, Washington DC 20008.

4.      Defendant Federal Railroad Administration (FRA) is the federal agency charged with enforcing federal law in the rail industry, and it supervises and appoints individuals to the Locomotive Engineer Review Board (LERB).

5.      Defendant LERB is under the supervision of defendant FRA and has the initial responsibility for hearing complaints of violations of FRA regulations relating to the certification and de-certification of locomotive engineers pursuant to 49 C.F.R. § 240.401.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a) (3) and (4).

7.      Venue lies in this judicial district because the defendant carrier Union Pacific has an office and does business in this district at 600 13th Street, N.W. Washington D.C 20008, and the defendant Federal Railroad Administration and the defendant Locomotive Engineer Review Board have their principal offices in this jurisdiction.

### FACTS

8.      Every locomotive engineer must have a license or Class I certificate issued in accordance with federal regulations in order to operate a locomotive.

9.      Plaintiff Daniels had such a license or Class I certificate, a copy of which is attached hereto as Exhibit A.

10.     A fully licensed engineer may previously have had a student license or Class III certificate; with such a student license, he can operate a locomotive only under supervision of fully licensed locomotive engineer with a Class I certificate.

4

11.    Once an engineer has a full license or Class I certificate, he is protected from the arbitrary loss or revocation of a license under federal regulations set out in 49 C.F.R. Part 240 and which limit the grounds on which the license can be revoked.

12.    The Federal Railroad Administration (FRA) is responsible for the certification and licensing of locomotive engineers.  The FRA conducts such oversight directly and through the Locomotive Engineer Review Board (LERB), whose members it appoints.

13.    For the most part, however, FRA also delegates or authorizes carriers like Union Pacific to grant or revoke the full licenses or Class I certificates to its own employees such as the one attached as Exhibit A but they must do so pursuant to the limitations set out in federal regulations of 49 C.F.R. Part 240 which limit the grounds on which such certificates can be revoked.

14.    Only for very limited reasons may defendant Union Pacific revoke a Class I certificate of a locomotive engineer like plaintiff Daniels.  As set out in 49 C.F.R. § 240.117(e), these specific and limited grounds on which the license of plaintiff Daniels could be revoked are limited to the following one of the following six: (1) failing to control a locomotive or train in accordance with a signal indication; (2) failing to adhere to limitations concerning train speed; (3) failing to adhere to procedures for the safe use of train or engine brakes; (4) occupying main track or a segment of main track without proper authority or permission; (5) disabling or knowingly operating a train which has safety devices disabled; or (6) drug or alcohol abuse.

15.    To determine if any such ground is present and a revocation is otherwise appropriate, defendant Union Pacific is obligated under 49 C.F.R. § 240.307 to provide the engineer with a hearing, including (1) prior or concurrent notice of the reason for the carrier's

5

revocation of the Class I license, and (2) an opportunity for a hearing before a presiding officer other than the officer investigating on behalf of the carrier.

16.     Furthermore, under the same 49 C.F.R. § 240.307, Union Pacific must have a hearing within ten days after the date the Class I certificate is suspended, so as to determine if any one of the six grounds listed above justifies the revocation.

17.     Under the same 49 C.F.R. § 240.307, an engineer who is faced with the revocation of his Class I certificate is entitled to a hearing in which he may offer testimony and other evidence and cross examine witnesses; and he also has a right to a verbatim transcript.

18.     Under the same 49 C.F.R. § 240.307, within ten days of the hearing a Union Pacific official (who is someone other than the investigating officer) must prepare and sign a written decision with findings as to all material facts.

19.     Under the same 49 C.F.R. § 240.307, Union Pacific has the burden of proving that the engineer's conduct violated one of the specific grounds for which a Class I certificate may be revoked under 49 C.F.R. § 240.117.

20.     Defendant Union Pacific does not follow any of these regulations when it revokes the certificate of an engineer and illegally demotes the engineer to a student with a Class III license on the ground or pretext that the engineer still has a student license.

21.     Furthermore, defendant Federal Railroad Administration now has a policy and practice of not requiring a hearing to apply such regulations or providing any other due process when a carrier such as Union Pacific takes away a Class I license and illegally demotes the engineer to student status.

22.     On September 8, 1999 in the case of plaintiff Daniels, who had a full license or Class I certificate as attached in Exhibit A, Union Pacific took away his right to use such license in violation of these regulations, and it also did so without any hearing or any kind of due process at all to determine if revocation was appropriate under such regulations.

23.     On June 10, 1999, plaintiff Daniels received a full license or Class I certificate attached as Exhibit A to operate a locomotive.  Plaintiff Daniels received such license after receiving a score of 94 on a performance ride from Union Pacific.

24.     Plaintiff Daniels was then one of the few African Americans ever licensed as an engineer to operate a Union Pacific locomotive.

25.     As soon as he obtained a full license or Class I certificate, plaintiff Daniels was subjected to unusual spot or impromptu evaluations by his supervisors, all of whom were white.

26.     On or about September 3, 1999,  S. E. Kifer, Senior Manager of Operating Practices for Union Pacific performed an impromptu "performance test" ride.  Kifer "scored" plaintiff Daniels at 76, which was below the score of 94 he had received a few months before.

27.     On September 8, 1999, Union Pacific demoted or purportedly "re-classified" plaintiff Daniels to a student engineer with a Class III certificate, with no right to use the Class I license.

28.     Accordingly, Union Pacific revoked the right to use the license attached as Exhibit A and did not do so on any of the six grounds set out in 49 C.F.R. § 240.117.

29.     Union Pacific did not provide a hearing to determine if it could revoke the Class I certificate for any of the six grounds set out in 49 C.F.R. § 240.117 and it did not provide a hearing or any other rights set out in 49 C.F.R. § 240.307 and treated these regulations as if they

7

did not exist. Union Pacific subsequently claimed in an administrative hearing that plaintiff Daniels still had a student license, so it was unnecessary to hold a hearing on the revocation of the license attached as Exhibit A.

30.     As a result, Union Pacific gave plaintiff Daniels no prior hearing or prompt post deprivation hearing or any hearing at all with respect to whether the certificate was properly revoked on one of the grounds set forth in 49 C.F.R. § 240.117.

31.     Stripped of his Class I certificate and with only limited rights as a student engineer under supervision, plaintiff Daniels now had to re-qualify immediately as a fully licensed engineer.

32.     As a student engineer he could now be denied a license based on subjective evaluations of his skills under various criteria, and not limited to those six grounds for which his Class I certificate could be revoked under 49 C.F.R. § 240.117.

33.     Union Pacific's disregard of a hearing procedure for revocation of a Class I license on grounds set out in 49 C.F.R. § 240.117 had no precedent at Union Pacific and was used at least for the first time on plaintiff Daniels.

34.     According to Union Pacific, after September 8, 1999, plaintiff Daniels had to start over as a student and be "re-qualified" as a fully licensed engineer to obtain the right to use his license again.

35.     Plaintiff Daniels was also give a limited time to re-qualify as a Class I engineer immediately or else he would lose his employment with Union Pacific altogether.

36.     Accordingly, Union Pacific now proceeded to treat plaintiff Daniels as a student engineer seeking certification or re certification under 49 C.F.R. § 240.219(a).

37.    But 49 C.F.R. § 240.219(a) applies only to a student engineer or to an engineer whose license was lawfully revoked in the first place.

38.    From September 9, 1999 to February 3, 2000, as a student engineer, plaintiff Daniels made 107 trips for Union Pacific.

39.    During this period, plaintiff Daniels was subjected to constant evaluations of his skills by his Union Pacific supervisors.

40.    In one of the tests, plaintiff Daniels received a perfect score of 100.

41.    Nevertheless, by letter dated February 7, 2000, after the test ride, Mr. Larry Breeden of Union Pacific wrote plaintiff Daniels that "I have removed you from service account failing the certification evaluation."

42.    There was no hearing or any opportunity for a rebuttal on this occasion either.

43.    By unsigned letter dated March 1, 2000, Mr. Jerry Everett, a Union Pacific Superintendent, terminated Mr. Daniels' employment with Union Pacific under the collective bargaining agreement and stated that "[p]ursuant to Mr. Larry Breeden's letter of February 7, 2000, your certification as a locomotive engineer was denied due to your inability to qualify as an engineer."

44.    After Union Pacific had taken the Class I certificate of plaintiff Daniels and did so without a hearing, Union Pacific proceeded to apply the same approach to other locomotive engineers represented by BLET, as set forth below.

### Exhaustion of Remedies by Plaintiff Daniels

45.    Plaintiff Daniels was required to proceed initially before the LERB with a right of appeal to an administrative law judge of the Federal Railroad Administration.

9

46.    On January 29, 2001, LERB upheld the Union Pacific's revocation of the license of plaintiff Daniels.

47.    On or about June 5, 2001 plaintiff Daniels then sought review of the LERB's decision by requesting a hearing before an Administrative Law Judge of the FRA.

48.    Pursuant to 49 C.F.R. § 240.407(e) the FRA is required to hold a hearing at the "earliest practicable date."

49.    Nonetheless, for nearly five years, the Administrative Law Judge assigned to the case failed to issue any decision in the case of plaintiff Daniels.

50.    On April 19 2006, the Administrative Law Judge issued a decision denying the appeal of plaintiff Daniels.

51.    The order of the Administrative Law Judge discusses various aspects of Union Pacific's failure to "promote" plaintiff Daniels from "student" engineer but does not discuss (much less rule upon) the claim that his full license or Class I certificate was revoked without a prior or prompt post deprivation hearing to determine if the license could be revoked under 49 C.F.R. § 240.117 or give plaintiff Daniels other timely due process.

52.    The order of the Administrative Law Judge containing no discussion or decision on the due process claim is attached as Exhibit A.

53.    Nonetheless, the parties raised and argued the merits of the failure to give a hearing to plaintiff Daniels at the time his Class I certificate was revoked in September 1999.

54.    Defendant Union Pacific contended to the Administrative Law Judge that the license or Class I certificate of plaintiff Daniels was not truly "revoked" because plaintiff Daniels was given a Class III certificate or student license and that plaintiff Daniels was being "reclassified."

10

55.    The counsel for the Federal Railroad Administration contended to the Administrative Law Judge that if plaintiff Daniels should have obtained a hearing, it was moot because the Administrative Law Judge could consider the claim months or even years later.

56.    Despite the briefing of this issue by all parties, the Administrative Law Judge did not discuss or rule upon the right of plaintiff Daniels to a hearing at the time that Union Pacific took back his Class I certificate and gave him a Class III certificate.

57.    Accordingly, as to the claim of a loss of a license without a hearing of any kind, there is no "order" by the Administrative Law Judge and no decision which plaintiff Daniels can appeal or seek a de novo hearing.  Furthermore, even if there was an order on the constitutional claim, further exhaustion would be futile.

58.    In the meantime, defendant FRA has acted under an evident policy and practice of not requiring any hearing to apply 49 C.F.R. § 240.117 or any other due process when a carrier takes away a Class I certificate of an engineer so long as the engineer is allowed to continue as a "student" with limited rights to recover the Class I license and under supervision.

59.    On at least two occasions, Union Pacific has adopted the same stratagem of taking away the Class I certificates of locomotive engineers and giving them Class III student licenses without a hearing of any kind to determine if such revocation is appropriate under federal regulations and without any other due process.

60.    The two other demoted engineers, Hensley and Slicker, both represented by plaintiff BLET, have also petitioned the FRA for review of defendant Union Pacific's confiscation of their Class I licenses without a hearing to determine if the revocation is appropriate under federal regulations.

61.     Both Hensley and Slicker received adverse determinations from the LERB, and both cases are pending before the same Administrative Law Judge.

61.     On or about June 9 2004, Hensley appealed the adverse LERB decision in his case and requested a hearing by the Administrative Law Judge.

62.     On or about October 24, 2004 Slicker appealed the adverse LERB decision in his case and requested a hearing by the Administrative Law Judge.

63.     Because Union Pacific has continued to revoke Class I licenses without a hearing or other due process to determine if such revocation is appropriate under 49 C.F.R. § 240.117 and because the FRA has failed to act to require either a prior hearing or prompt post-deprivation hearing, plaintiff BLET alleges that some or all of its members work under a reasonable apprehension that they may be deprived of their Class I licenses without a hearing and other due process rights to determine if such revocation is appropriate under federal regulations limiting such revocations.

64.     Furthermore, such threat has a chilling effect on the exercise of other statutory and contractual rights by locomotive engineers represented by plaintiff BLET, in that Union Pacific may deprive such members of their Class I licenses without a hearing to determine if such revocation is appropriate under 49 C.F.R. § 240.117 and other due process that is required for the revocation of a license.

65.     Plaintiff Daniels and every other certified locomotive engineer represented by plaintiff BLET has a protected property interest in the retention of his Class I certificate which is attached as Exhibit A. Defendant Union Pacific revoked the Class I certificate which he needed to operate a locomotive.

66.     Furthermore, plaintiff Daniels and every other certified locomotive engineer represented by plaintiff BLET has a liberty interest in his right to pursue the profession of engineer, and the arbitrary revocation of such a license interferes with or extinguishes such a right to pursue the occupation of his choice.

## Count I
## Fifth Amendment: Bivens Action

67.     Plaintiffs hereby incorporate paragraphs 1-66 as if set out in their entirety.

68.     By the acts set forth above, and by performing an official or public-law function when it revokes a license or Class I certificate of a locomotive engineer under 49 C.F.R. Part 240, defendant Union Pacific acts under color of law and is obligated to carry out this function in compliance with the Due Process Clause of the Fifth Amendment to the Constitution and provide a prior hearing or prompt post deprivation hearing to determine if there is the basis for revocation of a Class I certificate under federal regulations.

69.     By the acts set forth above, defendant Union Pacific violated the rights secured to plaintiff Daniels under the Due Process Clause to such a prior hearing or prompt post deprivation hearing to determine if there is a lawful basis for the revocation of a Class I certificate under federal regulations and has violated and continues to violate the rights of other members of BLET under the Due Process Clause of the Fifth Amendment.

70.     By the acts set forth above, defendant Union Pacific has caused injury to the career of plaintiff Daniels as a licensed engineer and unlawfully deprived him of a property right in the Class I license and deprived him of his liberty interest in exercising his right to pursue the profession of locomotive engine and has otherwise caused him aggravation, distress, and loss of income.

71.     By the acts set forth above, and by continuing to revoke the Class I certificates of locomotive engineers such as Slicker and Hensley without a hearing of any kind to determine compliance with federal regulations and claiming the right to revoke such certificates without a hearing in other cases in the future, defendant Union Pacific has caused and is causing irreparable injury to plaintiff BLET and its various members who reasonably apprehend that their Class I licenses may be revoked without due process of law.

Wherefore plaintiffs pray this Court to:

A.     Enjoin defendant Union Pacific on a preliminary and permanent basis from further violation of the rights of plaintiff BLET and its members under the Due Process Clause of the Fifth Amendment and to require defendant Union Pacific to hold a prior or prompt post deprivation hearing to determine if there is a basis for revocation of a Class I certificate under 49 C.F.R. § 240.117 and other regulations.

B.     Order defendant Union Pacific to reinstate plaintiff Daniels as a locomotive engineer with the right to use his Class I certificate and to expunge any reference to the revocation which occurred in violation of his rights under the Due Process Clause of the Fifth Amendment.

C.     Grant plaintiff Daniels and plaintiff BLET and its affected members compensatory and punitive damages for Union Pacific's revocations of their Class I certificates in violation  of their rights under the Due Process Clause of the Fifth Amendment.

D.     Grant plaintiff Daniels his full back pay and benefits and other damages.

E.     Grant plaintiffs their legal fees and such other relief as may be appropriate.

**Count II**
**Fifth Amendment Procedural Due Process**

72.    Plaintiff hereby incorporates paragraphs 1-71 as if set out in their entirety.

73.    Furthermore, by the acts set forth above, defendant Union Pacific has unlawfully revoked the Class I certificates of plaintiff Daniels and of other locomotive engineers without a hearing to determine if there is a basis for such revocation under 49 C.F.R. § 240.117 which limits the grounds on which Union Pacific can revoke such a Class I certificate and without providing other due process.

74.    By the acts set forth above, and in violation of the above regulations, defendant Union Pacific has unlawfully revoked the Class I certificates of plaintiff Daniels and of other locomotive engineers without (1) limiting the revocations of such Class I certificates to one of the six grounds set forth in the regulations, (2) giving written notice of the intent to revoke the Class I certificate, (3) allowing a hearing before an officer other than the investigating or complaining officer, (4) allowing the engineer to have a representative and to cross examine witnesses, and (5) providing a written and reviewable decision with findings of fact.

75.    By the acts set forth above, defendants LERB and FRA have repeatedly acquiesced in defendant Union Pacific's violation of these regulations.  Furthermore, defendant FRA does not even acknowledge complaints that engineers are denied the right to a hearing to determine if there is a proper basis for revocation when such engineers are deprived of their Class I certificates and demoted to "student" engineers.

76.    Furthermore, by the acts set forth above, defendants LERB and FRA have acquiesced in and ratified and participated in the actions of defendant Union Pacific to deprive plaintiff Daniels

15

and other locomotive engineers represented by plaintiff BLET of their rights under the Due Process Clause of the Fifth Amendment.

77.     Furthermore, by failing to make the Union Pacific adhere to administrative regulations for such revocations and by allowing Union Pacific to revoke a Class I certificate without any hearing at all to determine if there is a basis for such revocation of a Class I certificate under 49 C.F.R. § 240.117 and then by allowing Union Pacific to evaluate plaintiff Daniels under a different regulatory scheme, as set out in 49 C.F.R. § 240.219, which applies to *applicants* for certification and not to certified engineers, and by otherwise allowing Union Pacific to ignore the specific due process requirement of 49 C.F.R. § 240.117, defendants FRA and LERB have acquiesced in and ratified and participated in the actions of defendant Union Pacific to deprive plaintiffs of their rights under the Due Process Clause of the Fifth Amendment.

Wherefore, plaintiffs respectfully request that this Court:

A.     Declare that defendant FRA has violated plaintiff Daniels' right to procedural Due Process under the Fifth Amendment of the United States Constitution by failing to adhere to regulations under 49 C.F.R. Part 240 which govern the removal of engineers certification or licenses and provide hearing and other due process rights and by failing to require defendant Union Pacific to adhere to such regulations which incorporate the specific due process required under the Due Process Clause of the Fifth Amendment and by adopting a policy and practice of not applying or enforcing such regulations;

B.     Order defendant FRA to issue an order declaring the actions of defendant Union Pacific to be in violation of applicable and binding federal regulations which provide

hearing and other due process rights and ordering Daniels' reinstatement as a certified

engineer with full back-pay and benefits;

C.    Order defendant FRA to issue an order requiring Union Pacific to notify all affected

members of plaintiff BLET that it will comply with their rights under the federal

regulations which incorporate the due process required by the Due Process Clause of

the Fifth Amendment;

D.    Grant plaintiffs their legal fees and such other and further relief as this Court may

deem just and proper.

## Count III
## Fifth Amendment Procedural Due Process

78.    Plaintiffs hereby incorporates paragraphs 1-77 as if set out in their entirety.

79.    By the acts set forth above, and by failing to order immediately  plaintiff Daniels'

reinstatement due to the violation of its regulation pertaining to revocation of certification, and

by failing to enforce the requirement that plaintiff Daniels be given written notice, a timely

hearing and other protections afforded by 49 C.F.R. § 240.307, defendants LERB and  FRA have

demonstrated their clear bias in favor of the defendant Union Pacific in violation of  the Due

Process clause of the Firth Amendment which requires impartiality by the decision maker

involved in such hearings.

Wherefore, plaintiffs respectfully request that this Court:

A.    Declare that defendant FRA has violated plaintiff Daniels' right to procedural Due

Process under the Fifth Amendment of the United States Constitution by

depriving him of an impartial tribunal to hear his claims;

17

B.    Order defendant FRA submit a plan to ensure that the claim of plaintiff Daniels be

decided in an impartial and neutral manner and to purge the administrative

process of bias;

C.    Grant plaintiffs their legal fees and such other relief as may be appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

By _____

Edgar N. James
(DC Bar No. 333013)
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C.  20036

Attorney for Plaintiffs

Dated:  May 18, 2006