IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANIELS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-CV-00939 |
| ) | |
| UNION PACIFIC RAILROAD ) | Judge Royce C. Lamberth |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNION PACIFIC RAILROAD'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Union Pacific Railroad Company ("Union Pacific") hereby moves to dismiss the First Amended Complaint in the above-captioned action for failure to state a claim, or, in the alternative for summary judgment. The grounds for this motion are stated in detail in the accompanying Memorandum of Points and Authorities, and are summarized as follows:

1.      Count I of the First Amended Complaint sets forth a Fifth Amendment "due process" claim against Union Pacific under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). In particular, the plaintiffs allege that Union Pacific has failed to provide due process in the revocation or reclassification of certain locomotive engineers' licenses.

2.      In *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), the Supreme Court held that there is no cause of action under *Bivens* against a private corporation. Rather,

*Bivens* provides a cause of action only against individual federal officers. Union Pacific is not an individual federal officer, and so cannot be sued under *Bivens*.

3.  Counts II and III of the First Amended Complaint are brought under the Fifth Amendment and do not seek any relief against Union Pacific. However, to the extent that such Counts were directed at Union Pacific, they fail to allege any "state action" on the part of Union Pacific. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982).

WHEREFORE, the First Amended Complaint should be dismissed as to defendant Union Pacific, pursuant to Federal Rule 12(b)(6), for failure to state a claim upon which relief can be granted. In the alternative, to the extent that the Court needs to consider any materials outside the pleadings, it should grant summary judgment in favor of Union Pacific on all counts of the First Amended Complaint.

Respectfully submitted,

\s\ Donald J. Munro
Donald J. Munro
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4000

Counsel for Union Pacific Railroad

July 12, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIELS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-CV-00939 |
| ) | |
| UNION PACIFIC RAILROAD ) | Judge Royce C. Lamberth |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNION PACIFIC RAILROAD'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Donald J. Munro
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4000

Counsel for Union Pacific Railroad

July 12, 2006

- i -

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT .........................................................................................................................4

I.    There Is No Cause of Action Under *Bivens* Against Union Pacific, a Private Corporation ......................................................................................................4

II.   There Is No Cause of Action Under the Fifth Amendment Against Union Pacific ...............................................................................................................7

CONCLUSION ......................................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES:** **Page**

*Agyeman v. Corrections Corp. of America*, 390 F.3d 1101 (9th Cir. 2004),
 *cert. denied*, 125 S. Ct. 2941 (2005) ................................................................................. 6

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
 403 U.S. 388 (1971) ....................................................................................................... *passim*

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001) ................... 7

*Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) ...........................................1, 4, 5, 6

*FDIC v. Meyer*, 510 U.S. 471 (1994) .............................................................................................. 4

*Gantt v. Security, USA, Inc.*, 356 F.3d 547 (4th Cir.),
 *cert. denied*, 543 U.S. 814 (2004) ....................................................................................... 6

*Gleason v. Malcom*, 718 F.2d 1044 (11th Cir. 1983) ..................................................................... 6

*Holly v. Scott*, 434 F.3d 287 (4th Cir.), *cert. denied*,
 126 S. Ct. 2333 (2006) .........................................................................................4, 5, 6, 8

*Hubbard v. Administrator, EPA*, 982 F.2d 531 (D.C. Cir. 1992) .................................................. 5

*Kauffman v. Anglo-American Sch. of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994) ............................. 4, 5

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). ..................................................................... 7

*Muick v. Glenayre Electronics*, 280 F.3d 741 (7th Cir. 2002) ....................................................... 6

*Schweiker v. Chilicky*, 487 U.S. 412 (1988) .................................................................................. 4

*Stoutt v. Banco Popular de Puerto Rico*, 320 F.3d 26 (1st Cir. 2003) .......................................... 6

*United States v. Classic*, 313 U.S. 299 (1941) .............................................................................. 7

**STATUTES:**

Administrative Procedure Act, 5 U.S.C. § 702 .............................................................................. 6

42 U.S.C. § 1983 ............................................................................................................................ 4

- iii -

**RULES AND REGULATIONS:**

49 C.F.R. §§ 200-268 ................................................................................................................. 2

49 C.F.R. § 240 *et seq*............................................................................................................... 2

    49 C.F.R. § 240.1 ................................................................................................................ 2

    49 C.F.R. § 240.101 ............................................................................................................ 2

    49 C.F.R. § 240.107(b)........................................................................................................ 2

    49 C.F.R. §§ 240.109-240.129 ........................................................................................... 2

    49 C.F.R. § 240.117 ............................................................................................................ 3

    49 C.F.R. § 240.219 ............................................................................................................ 2

    49 C.F.R. § 240.307 ........................................................................................................ 2, 3

    49 C.F.R. §§ 240.401-240.411 ........................................................................................... 2

    49 C.F.R. § 240.401 ............................................................................................................ 6

    49 C.F.R. § 240.411 ............................................................................................................ 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1

**INTRODUCTION**

Unhappy with a recent decision by an Administrative Law Judge concerning his locomotive engineer's license, plaintiff Charles Daniels has brought a three-count Fifth Amendment "Due Process" complaint against defendants Union Pacific Railroad Company ("Union Pacific'), the Locomotive Engineer Review Board ("LERB") and the Federal Railroad Administration ("FRA"). A regional committee of the Brotherhood of Locomotive Engineers and Trainmen ("BLET') – the union that represents locomotive engineers employed by Union Pacific – also appears as a co-plaintiff on behalf of other engineers with similar claims. Count I of their First Amended Complaint – the only count that seeks any relief against Union Pacific – is brought as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

This claim, at least as it pertains to Union Pacific, is legally deficient. The Supreme Court was quite clear in *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), that there is no cause of action under *Bivens* against a private corporation, even if the corporation is acting on behalf of the federal government. 534 U.S. at 71-72. Rather, *Bivens* provides a cause of action only against individuals. Id. As the plaintiffs' complaint alleges, Union Pacific is a corporation, not an individual, and hence it is not amenable to suit under *Bivens*. Thus, the complaint should be dismissed as to Union Pacific.

This issue may be decided purely as a matter of law. However, in the alternative, to the extent that the Court must consider or refer to factual materials outside the complaint itself, the Court should grant summary judgment in favor of Union Pacific on all counts of the complaint. See Fed. R. Civ. P. 12(b)(6).

**STATEMENT OF FACTS**

For purposes of this motion to dismiss, Union Pacific accepts all of the facts as pled in the complaint as true. Union Pacific is a private corporation, based in Omaha, Nebraska, which operates a Class I freight railroad. First Amended Complaint ("Complaint") ¶ 6. Charles Daniels, who has at times worked for Union Pacific as a locomotive engineer, is represented for purposes of collective bargaining by the BLET. Id. ¶¶ 1, 2, 5.

The FRA is the agency that is charged with overseeing the railroad industry, including Union Pacific. Id. ¶ 7; see also 49 C.F.R. §§ 200-268. Among other duties, the FRA supervises the qualification and certification of locomotive engineers. 49 C.F.R. § 240 *et seq.* One of the FRA's subordinate bodies – the LERB – "has the initial responsibility for hearing complaints" relating to the certification or decertification of locomotive engineers. Complaint ¶ 8.

Federal regulations provide that only properly trained and qualified persons may operate locomotives and trains. 49 C.F.R. § 240.1. The regulations further provide that each railroad must develop and maintain a program for certifying the qualifications of its locomotive engineers. Id. § 240.101. A railroad may issue certificates for three classes of service: (1) train service engineer, (2) locomotive servicing engineers, and (3) student engineers. Id. § 240.107(b). Each railroad's certification program must also take into account and include criteria for, *inter alia*, prior safety record, operating rules compliance, alcohol/drug rules compliance, vision and hearing acuity, and knowledge and skill. Id. §§ 240.109-240.129. A railroad may deny certification to any individual. Id. § 240.219. Moreover, a railroad is required to revoke an existing certification if it believes that the individual no longer meets the qualifications. Id. § 240.307. A railroad's decision to revoke a certification is subject to review by the LERB and the Federal Railroad Administrator. Id. §§ 240.401-240.411.

Mr. Daniels alleges that on June 10, 1999, he received a Class I locomotive engineer's certificate. Complaint ¶ 26. He further alleges that on September 8, 1999, Union Pacific "demoted" Mr. Daniels from full engineer with a Class I certification to a student engineer with a Class III certification. Id. ¶ 30. Mr. Daniels asserts that Union Pacific's reasons for doing so did not comport with any of the six specific grounds set forth in 49 C.F.R. § 240.117 for the revocation of a certification. Id. ¶ 31. He also claims that in changing his license from a Class I to a Class III, Union Pacific did not follow the hearing procedures required for the revocation of a certification under 49 C.F.R. § 240.307. Id. ¶¶ 32-33. Plaintiffs allege that Union Pacific has also demoted other locomotive engineers represented by the BLET from full engineer to student engineer. Id. ¶¶ 62-64.

Mr. Daniels further contends that he worked as a student engineer from September 9, 1999 to February 3, 2000. Id. ¶ 41. He claims that he tried to re-certify as an engineer during this period but was unable to do so, and was eventually terminated as a result of his inability to qualify. Id. ¶¶ 37-46.

According to Mr. Daniels, he appealed to the LERB regarding Union Pacific's decision to recertify him as a student engineer. Id. ¶ 48. The LERB denied his petition. Id. ¶ 49. Mr. Daniels then sought review of the LERB's decision before an administrative law judge appointed by the FRA. Id. ¶ 50. The administrative law judge upheld the decision of the LERB and rejected Mr. Daniels's claims. Id. ¶ 53. Plaintiffs claim that other certification reclassifications by Union Pacific have been upheld by the LERB and are also now on appeal to an administrative law judge. Id. ¶¶ 64-67.

Mr. Daniels thereafter brought this action, arguing that further efforts to exhaust his administrative remedies would be "futile." Id. ¶ 60.

## ARGUMENT

**I.    There Is No Cause of Action Under *Bivens* Against Union Pacific, a Private Corporation.**

The Supreme Court's decision in *Bivens* recognized an implied private right of action for damages against individual federal officers who are alleged to have violated a private citizen's constitutional rights.  403 U.S. at 389.  The *Bivens* cause of action is, in essence, an analog to the statutory right of action against state officers under 42 U.S.C. § 1983.  But the Supreme Court and the courts of appeals have "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts."  *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988); see also, e.g., *Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223, 1228 (D.C. Cir. 1994).  In fact, since 1980, when the Supreme Court extended *Bivens* to permit Eighth Amendment suits against prison officers, the Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants."  *Malesko*, 534 U.S. at 68; see also *Holly v. Scott*, 434 F.3d 287, 289-90 (4th Cir. 2006).

In particular, the Supreme Court has refused to extend *Bivens* to permit suits against private corporations.  The case of *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), involved a *Bivens* claim by a federal prison inmate against a private corporation that was operating a halfway house under contract with the federal Bureau of Prisons.  In rejecting this claim, the Court referred to its decision in *FDIC v. Meyer*, 510 U.S. 471 (1994), which held that *Bivens* does not permit a suit against a federal agency, as opposed to individual officers.  The *Meyer* Court reasoned that "the purpose of *Bivens* is to deter *the officer*," not the agency.  510 U.S. at 485 (emphasis in original).  Because individual officers have a qualified immunity defense, the Court noted, claimants would always choose to sue the agency instead of the officer, thereby vitiating the deterrent effects of *Bivens* on individual officers.  Id.

Similar considerations apply, the Court held, when a claimant tries to use *Bivens* against a private entity:

> "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations. *Meyer* made clear that the threat of litigation and liability will adequately deter federal officers for *Bivens* purposes no matter that they may enjoy qualified immunity, or are indemnified by the employing agency or entity, or are acting pursuant to an entity's policy. *Meyer* also made clear that the threat of suit against an individual's employer was not the kind of deterrence contemplated by *Bivens*. This case is, in every meaningful sense, the same. For if a corporate defendant is available for suit, claimants will focus their collection efforts on it, and not the individual directly responsible for the alleged injury. On the logic of *Meyer*, inferring a constitutional tort remedy against a private entity . . . is therefore foreclosed."

*Malesko*, 534 U.S. at 70-71 (internal citations and quotations omitted). The *Bivens* remedy, the Court emphasized, is "concerned solely with deterring the unconstitutional acts of individual officers." Id. at 71. Hence, just as a claimant cannot pursue a *Bivens* claim against a public entity, there is no *Bivens* cause of action against a private entity.[1] Id.

The *Malesko* Court also emphasized the long-standing rule that a *Bivens* cause of action can exist only where there is no effective alternative remedy. Id. at 72-73. A federal prisoner like Malesko, the Court noted, had alternative remedies in the form of a tort action against the private prison operator or through the "remedial mechanisms" established by the Bureau of Prisons. Id. at 73-74. Even aside from the fact that *Bivens* cannot be used to sue entities, the existence of any such alternative remedies forecloses any cause of action. See *Holly*, 434 F.3d at 295-96; see also, e.g., *Hubbard v. Administrator, EPA*, 982 F.2d 531, 532 n.1 (D.C. Cir. 1992) (existence of Civil Service Reform Act remedies defeats *Bivens* claim).

---

[1]   In the pre-*Malesko* case of *Kauffman v. Anglo-American School of Sofia*, the D.C. Circuit reached the same conclusion, holding that "an entity that is not a federal agency, but that is constrained by the Constitution in some or all of its acts solely because of *lesser* links to the federal government, is equally exempt from *Bivens* liability." 28 F.3d 1223, 1224 (D.C. Cir. 1994) (emphasis in original).

- 5 -

The holding in *Malesko* has been applied in numerous subsequent cases, all of which confirm that a claimant cannot bring a *Bivens* claim against a private entity.[2] E.g. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Gantt v. Security, USA, Inc.*, 356 F.3d 547, 552 (4th Cir. 2004); *Stoutt v. Banco Popular de Puerto Rico*, 320 F.3d 26, 33 (1st Cir. 2003); *Muick v. Glenayre Electronics*, 280 F.3d 741, 742 (7th Cir. 2002).

As applied in this case, the holding in *Malesko* is fatal to the plaintiffs' claim against Union Pacific. This is so for at least two independent reasons. First, Union Pacific is an entity, not an individual. Indeed, plaintiffs expressly concede in their complaint that Union Pacific is a "corporation." Complaint ¶ 6. As such, the railroad cannot be sued under *Bivens*.

Second, there is an alternative remedy available to engineers who are aggrieved by a certification decision. Indeed, as the plaintiffs admit in their complaint, see Complaint ¶¶ 14-15, 48-53, engineers can file a petition with the LERB, which adjudicates disputes over certification. 49 C.F.R. § 240.401. There is, moreover, a right of appeal from the decision of the LERB to the Federal Railroad Administrator. Id. § 240.411. The Administrator may "affirm or vacate the Board's decision, and may remand the petition to the Board for further proceedings." Id. A decision affirming the LERB "constitutes final agency action." Id. Hence, such a decision is subject to judicial review under the Administrative Procedure Act ("APA"). See 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action . . . is entitled to judicial review thereof."). This right to bring a claim under the APA constitutes an adequate alternative remedy. E.g. *Gleason v. Malcom*, 718 F.2d 1044, 1048 (11th Cir. 1983) (denying *Bivens* claim because existence of right of action under APA is an adequate alternative remedy).

---

[2] Moreover, in *Holly v. Scott*, the Fourth Circuit held that individual employees of a private corporation cannot be sued under *Bivens*. 434 F.3d at 288. No individual railroad officers are named as defendants in this case, and such individuals would not be subject to suit under *Bivens* in any event.

In this case, Mr. Daniels is not happy with the result of the administrative appeals process, but admits that it was available to him. Complaint ¶¶ 50-53. He also implicitly admits that he has failed to bring a claim against the FRA under the APA. Id. ¶ 60. For this reason too, his *Bivens* complaint against Union Pacific is wholly without merit.

## II.     There Is No Cause of Action Under the Fifth Amendment Against Union Pacific.

Only the first count of the three counts in the plaintiffs' complaint seeks any relief against Union Pacific. The other two counts are brought under the Fifth Amendment, and seek relief only against the LERB and the FRA. See Complaint ¶¶ 78-85.

But even if Counts II and III of the Complaint were aimed at Union Pacific, the Fifth Amendment does not provide for a direct right of action against private parties. As the Supreme Court has said on several occasions, constitutional claims may only be based upon conduct "fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).[4] Specifically, "constitutional standards [may only be] invoked 'when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The Supreme Court has consistently refused to extend constitutional causes of action to private parties, holding that there is "a line between state action subject to [constitutional] scrutiny and private conduct (however exceptionable) that is not." Id.

---

[4]     See also *Lugar*, 457 U.S. at 937 ("the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State"); *United States v. Classic*, 313 U.S. 299, 326 (1941) ("[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law").

The Fourth Circuit recently addressed this fundamental principle in the course of rejecting a *Bivens* claim against private individuals. It explained as follows:

> "Whatever our power to recognize new constitutional torts, we are not free to ignore the importance of a party's private status in our constitutional scheme. The Bill of Rights is a negative proscription on *public* action – to simply apply it to *private* action is to obliterate 'a fundamental fact of our political order.' Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties. By placing limits upon the Constitution's application, we 'preserve[] an area of individual freedom by limiting the reach of federal law and federal judicial power.' This area of personal freedom is one of the important structural features of our founding document."

*Holly*, 434 F.3d at 291 (emphasis in original) (citations omitted).

Counts II and III of the plaintiffs' complaint are solely about action or inaction *by the government*, including (1) the supposed failure of the federal agencies to enforce regulations, (2) acquiescence in and ratification of the railroad's deeds, and (3) a "clear bias" in favor of Union Pacific. Complaint ¶¶ 78-85. While Union Pacific is the subject of the allegations in Count I, nothing in Counts II and III even suggests that the railroad is somehow responsible for the agencies' alleged inadequacies in oversight and institutional bias. Indeed, the entire premise of Counts II and III is that the agencies have an independent duty to behave in a particular way and have failed to do so. Hence, even if these were viable claims against the FRA and the LERB, they cannot be brought against Union Pacific.

- 9 -

## CONCLUSION

For the foregoing reasons, Union Pacific's motion to dismiss should be granted, and the entire First Amended Complaint should be dismissed as to Union Pacific. In the alternative, to the extent that the Court needs to consider any materials outside the complaint itself, the Court should grant summary judgment in favor of Union Pacific.

Respectfully submitted,

\s\ Donald J. Munro
Donald J. Munro
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 346-4000

Counsel for Union Pacific Railroad

July 12, 2006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing Motion and accompanying materials have been furnished by facsimile and first-class U.S. Mail, postage prepaid, this 12th day of July, 2006, on the following counsel for Plaintiffs and Defendants:

Edgar N. James
James & Hoffman, P.C.
1101 17th Street, NW, Suite 510
Washington, D.C. 20036
202-496-0500
202-496-0555 (Fax)

Peter Blumberg
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, NW
Washington, D.C. 20530
202-514-7157

Jonathan Kaplan
Federal Railroad Administration
1120 Vermont Avenue, NW
Washington, D.C. 20005
202-493-6042

\s\ Donald J. Munro
Donald J. Munro