

U.S. DEPARTMENT OF TRANSPORTATION
FEDERAL RAILROAD ADMINISTRATION
WASHINGTON, D.C.

---

Appeal of C. L. Daniels

(FRA—Locomotive Engineer Certification Case)

Docket No. EQAL 2000-51

DOT Docket No. FRA 2001-9837

---

THE ADMINISTRATOR'S FINAL DECISION

---

## INTRODUCTION

Petitioner, C. L. Daniels ("Daniels"), represented by Thomas H. Geoghegan and Carol Nguyen, Despres Schwartz & Geoghegan, appealed to the Administrator of the Federal Railroad Administration ("FRA"), under the provisions of 49 CFR § 240.411, from a decision of an Administrative Hearing Officer ("AHO") dismissing Daniels' hearing request with prejudice.

A response was filed by FRA.

## STANDARD FOR REVIEW

The regulation governing appeals from decisions of presiding officers (in this case an AHO) (49 CFR § 240.411) does not enunciate the standard for review; however, administrative practice suggests that the scope of review is limited to determining if the AHO's findings of fact are supported by substantial evidence. In other words, a review must be made to determine whether the AHO relied upon such evidence in the record of the hearing as a reasonable mind might accept as adequate to support the factual findings made.[1] But in making this review, the

---

[1] Edgar v. Shalala, 859 F.Supp. 521, 524 (D. Kansas 1994).

Administrator's discretion is not to be substituted for that of the AHO in evaluating the evidence.[2] And the possibility of drawing two inconsistent factual conclusions from the evidence does not necessarily indicate that the AHO's findings are not supported by substantial evidence.[3]

Issues of law are to be considered de novo, requiring an independent determination of the matter at stake.[4]

## SYNOPSIS OF THE FACTS

The essential facts relevant to this appeal are not in dispute. On February 7, 2000, Daniels was notified, in writing, that he was being removed from service because of failing a certification evaluation, namely a certification ride conducted on February 3, 2000, by Mr. J. L. Breeden (then the Regional Director of Train Operating Practices Compliance for the Southern Region of the Union Pacific Railroad Company ("UP")), in which Daniels scored a failing score of 61. Daniels did not rebut or explain, in writing, the adverse information detailed in Mr. Breeden's letter of February 7, 2000. On March 1, 2000, UP Superintendent, Jerry Everett, terminated Daniels' employment with UP per a collective bargaining agreement and stated that "[p]ursuant to Mr. Larry Breeden's letter of February 7, 2000, your certification as a locomotive engineer was denied due to your inability to qualify as an engineer."

Daniels petitioned the Locomotive Engineer Review Board ("LERB") to review the February 7, 2000, decision denying him certification as a locomotive engineer. The LERB

---

[2] Talbot v. Heckler, 814 F.2d 1456, 1461 (10th Cir. 1987).

[3] Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026 (1966); Gouveia v. Immigration and Naturalization Service, 980 F.2d 814, 818 (1st Cir. 1992).

[4] Janka v. Department of Transportation, National Transportation Safety Board, 925 F.2d 1147, 1149 (9th Cir. 1991).

3

denied his petition on January 29, 2001.

Daniels requested a de novo hearing before the AHO. In a decision dated April 19, 2006, the AHO dismissed the hearing request with prejudice, finding failure of proof.

## LEGAL ISSUES TO BE DECIDED

The initial legal issue is whether Daniels' appeal was timely filed.

The second issue on appeal is whether Daniels has enunciated any error of law which might form the basis for reversal or modification of the decision of the AHO.

The final issue on appeal is whether the remedies requested by Daniels are permissible pursuant to the regulations governing this process.

## DISCUSSION

### Timeliness of the Appeal

Appeals to the Administrator must be filed within 35 days after the issuance of the decision being appealed.[5] The AHO issued his decision on April 19, 2006. Daniels' appeal was dated March 19, 2006,[6] and was marked received by the FRA's Executive Secretariat on May 24, 2006. It is clear that the Daniels has met the filing deadline, since the later date involved–the correct date–is within the period provided by regulation for appeal. The appeal was timely filed.

### Error of Law

Daniels' basis for appeal is--

"the failure of the presiding officer to render a decision as to whether in September 1999 Union Pacific could demote him to a student engineer with a

---

[5] 49 CFR § 240.411(a).

[6] It is clear that the March 19, 2006, date is a typographical error, since the certificate of service states that the pleading was served on May 19, 2006, and the appeal could not have predated the matter being appealed.

4

> student or Class III certificate and revoke his full license or Class I certificate without the hearing required by 49 C.F.R. § 240.307 as to whether Union Pacific had grounds under 49 C.F.R. § 240.117 to proceed with such a revocation so as to return him to student status."[7]

Daniels complains that since there is no order by the presiding officer addressing the issue, he has been prejudiced in his appeal. Daniels also cites bias against him, and claims that the case has been irreparably tainted with error.

In a joint status report submitted to the AHO on April 7, 2004, the parties narrowed the issues for decision to the following:

> "a. Whether Union Pacific Railroad Company erred in scoring Petitioner's evaluation rides by allocating the incorrect amount of points to Petitioner's score for code 'T' (train handling failures).
>
> "b. Whether Union Pacific Railroad Company properly denied Engineer Daniels' certification February 7, 2000, pursuant to 49 CFR 240.219."[8]

The decision of the AHO is based upon an examination of the issues the parties agreed in the joint status report should be adjudicated. But Daniels' appeal is based upon complaints with respect to issues which were not before the AHO. Nor were those issues ever before the LERB. Daniels may not make arguments on appeal with respect to issues which were never considered by the AHO by agreement of the parties themselves. As has been previously enunciated in Appeal of Thomas T. Wells, Jr.,[9] objections not presented to an administrative agency may not be made for the first time to a reviewing court, or by analogy, on appeal to the Administrator.[10] If

---

[7] Daniels' Appeal, at 1.

[8] AHO Decision, at 8.

[9] Docket No. 99-96 (DOT Docket # FRA 2000-7596), April 17, 2001, at 2.

[10] United States v. L.A. Trucker Truck Lines, 344 U.S. 33, 37, 73 S. Ct. 67, 69, 97 L.Ed. 54 (1952).

5

Daniels had concerns with respect to other legal issues involved in this proceeding, those issues should have been included in the joint status report as requiring adjudication by the AHO, and should have been brought before the LERB. Having not included such issues for determination below, any objection on appeal with respect to them is waived.

Daniels alleges bias against him and claims that the case has been irreparably tainted with error. But beyond making those claims, Daniels offers no facts or legal authority in support of the allegations. A claim of bias must be supported by evidence of its extra-judicial source, such as personal prejudice concerning a party, or personal knowledge of disputed evidentiary facts.[11] And a claim of error should include citation to some legal principle upon which the claim is based. Daniels has offered nothing in the appeal to meet this burden of proof.

I find no error of law in the decision of the AHO and no evidence of bias.

Remedies

Daniels claims that FRA is under an immediate duty to restore his Class I certificate and reinstate him as an engineer with full back pay.[12]

The regulation governing appeals provides only that the Administrator may "remand, vacate, affirm, reverse, alter or modify the decision of the presiding officer,"[13] here the AHO. No other remedies are provided.

As has been enunciated in Appeal of Robert E. Carpenter,[14] if there is no statute

---

[11] See the standards set forth in Litcky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

[12] Daniels' Appeal, at 2.

[13] 49 CFR § 240.411(e).

[14] Docket No. EQAL 97-48, February 19, 2004, at 6-7.

6

conferring authority on an administrative agency, it has none.[15] This necessarily includes those actions of the Administrator on appeal from a decision of the AHO. An agency literally has no power to act unless and until Congress confers power upon it.[16] It follows, since regulations may only be promulgated in accordance with powers granted by Congress, that the power to act under regulation is limited to the powers therein granted. Nor can the parties themselves confer subject-matter jurisdiction on a tribunal, in this instance the deliberations of the Administrator.[17]

The remedies Daniels seeks are simply beyond the legal authority of the Administrator to provide. Even assuming that I found a foundation for these remedies, which I do not, I have no lawfully constituted power to order a railroad to restore Daniels' certificate, to reinstate him, or to provide for back pay.

## CONCLUSION

For the reasons stated above, Daniels' appeal is denied. My decision constitutes the final action of the FRA in this matter, pursuant to 49 CFR § 240.411(e).

Dated: 7/31/2006

Joseph H. Boardman
Administrator

---

[15] Michigan v. E.P.A., 268 F.3d 1075, 1081 (D.C. Cir. 2001).

[16] Railway Labor Executives' Ass'n. v. National Mediation Board, 29 F.3d 655, 670 (D.C. Cir. 1994).

[17] Dunklebarger v. Merit Systems Protection Board, 130 F.3d 1476, 1480 (Fed. Cir. 1997).

SERVICE LIST EQAL 00-51
DOT Docket No. FRA 2001-9837

Mr. Larry Brennan
Mgr., Engineer Certification and Licensing
Union Pacific Railroad Company
SKCC - Science & Industry Bldg.
4600 S. Redwood Rd. -- Mail Stop UPRR
Salt Lake City, UT 84123

Mr. C. L. Daniels
1404 Country Club Road
Sherwood, AR 72120

Thomas H. Geoghegan, Esquire
Deborah L. Mahoney, Esquire
Carol Nguyen, Esquire
Despres Schwartz & Geeoghegan
77 W. Washington Stt. - Suite 711
Chicago, IL. 60602-2803

W. Scott Hinckley, Esquire
Union Pacific Railroad Company
1400 Douglas Stop 1180
Omaha, NE 68179

Mr. Richard K. Radek
V. P., BLET Arbitration Dept.
500 Standard Bldg.
1370 Ontario Street
Cleveland, Ohio 44113-1702

Mr. C. R. Rightnowar
General Chairman, BLET
320 Brookes Drive, Suite # 115
Hazelwood, MO 63042

Melissa L. Porter, Esquire
FRA, USDOT, RCC -12
1120 Vermont Avenue, N.W. - - Mail Stop 10
Washington, D.C. 20590

DOT Docket Clerk, Central Docket
  Management System - - SVC 124.10
USDOT, Room PL 401 Nassif
400 7th Street, S.W.
Washington, D.C. 20590