# EXHIBIT A

LEXSTAT 49 CFR 240.307

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

*** THIS SECTION IS CURRENT THROUGH THE SEPTEMBER 20, 2006 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 49 -- TRANSPORTATION
SUBTITLE B -- OTHER REGULATIONS RELATING TO TRANSPORTATION
CHAPTER II -- FEDERAL RAILROAD ADMINISTRATION, DEPARTMENT OF TRANSPORTATION
PART 240 -- QUALIFICATION AND CERTIFICATION OF LOCOMOTIVE ENGINEERS
SUBPART D -- ADMINISTRATION OF THE CERTIFICATION PROGRAMS

*49 CFR 240.307*

§ 240.307 Revocation of certification.

(a) Except as provided for in § 240.119(e), a railroad that certifies or recertifies a person as a qualified locomotive engineer and, during the period that certification is valid, acquires information which convinces the railroad that the person no longer meets the qualification requirements of this Part, shall revoke the person's certificate as a qualified locomotive engineer.

(b) Pending a revocation determination under this section, the railroad shall:

(1) Upon receipt of reliable information indicating the person's lack of qualification under this part, immediately suspend the person's certificate;

(2) Prior to or upon suspending the person's certificate, provide notice of the reason for the suspension, the pending revocation, and an opportunity for a hearing before a presiding officer other than the investigating officer. The notice may initially be given either orally or in writing. If given orally, it must be confirmed in writing and the written confirmation must be made promptly. Written confirmation which conforms to the notification provisions of an applicable collective bargaining agreement shall be deemed to satisfy the written confirmation requirements of this section. In the absence of an applicable collective bargaining agreement provision, the written confirmation must be made within 96 hours.

(3) Convene the hearing within the deadline prescribed by either paragraph (c)(1) of this section or the applicable collective bargaining agreement as permitted under paragraph (d) of this section;

(4) Determine, on the record of the hearing, whether the person no longer meets the qualification requirements of this part stating explicitly the basis for the conclusion reached;

(5) When appropriate, impose the pertinent period of revocation provided for in § 240.117 or § 240.119; and

(6) Retain the record of the hearing for 3 years after the date the decision is rendered.

(c) Except as provided for in paragraphs (d), (f), (i) and (j) of this section, a hearing required by this section shall be conducted in accordance with the following procedures:

(1) The hearing shall be convened within 10 days of the date the certificate is suspended unless the locomotive engineer requests or consents to delay in the start of the hearing.

(2) The hearing shall be conducted by a presiding officer, who can be any qualified person authorized by the railroad other than the investigating officer.

(3) The presiding officer will exercise the powers necessary to regulate the conduct of the hearing for

the purpose of achieving a prompt and fair determination of all material issues in controversy.

(4) The presiding officer shall convene and preside over the hearing.

(5) Testimony by witnesses at the hearing shall be recorded verbatim.

(6) All relevant and probative evidence shall be received unless the presiding officer determines the evidence to be unduly repetitive or so extensive and lacking in relevancy that its admission would impair the prompt, orderly, and fair resolution of the proceeding.

(7) The presiding officer may:

(i) Adopt any needed procedures for the submission of evidence in written form;

(ii) Examine witnesses at the hearing;

(iii) Convene, recess, adjourn or otherwise regulate the course of the hearing; and

(iv) Take any other action authorized by or consistent with the provisions of this part and permitted by law that may expedite the hearing or aid in the disposition of the proceeding.

(8) Parties may appear and be heard on their own behalf or through designated representatives. Parties may offer relevant evidence including testimony and may conduct such examination of witnesses as may be required for a full disclosure of the relevant facts.

(9) The record in the proceeding shall be closed at conclusion of the hearing unless the presiding officer allows additional time for the submission of information. In such instances the record shall be left open for such time as the presiding officer grants for that purpose.

(10) No later than 10 days after the close of the record, a railroad official, other than the investigating officer, shall prepare and sign a written decision in the proceeding.

(11) The decision shall:

(i) Contain the findings of fact as well as the basis therefor, concerning all material issues of fact presented on the record; and

(ii) Be served on the employee.

(12) The railroad shall have the burden of proving that the locomotive engineer's conduct was not in compliance with the applicable railroad operating rule or practice or Part 219 of this chapter.

(d) A hearing required by this section which is conducted in a manner that conforms procedurally to the applicable collective bargaining agreement shall be deemed to satisfy the procedural requirements of this section.

(e) A hearing required under this section may be consolidated with any disciplinary or other hearing arising from the same facts, but in all instances a railroad official, other than the investigating officer, shall make separate findings as to the revocation required under this section.

(f) A person may waive the right to the hearing provided under this section. That waiver shall:

(1) Be made in writing;

(2) Reflect the fact that the person has knowledge and understanding of these rights and voluntarily surrenders them; and

(3) Be signed by the person making the waiver.

(g) A railroad that has relied on the certification by another railroad under the provisions of § 240.227 or § 240.229, shall revoke its certification if, during the period that certification is valid, the railroad acquires information which convinces it that another railroad has revoked its certification after determining, in accordance with the provisions of this section, that the person no longer meets the qualification requirements of this part. The requirement to provide a hearing under this section is satisfied when any single railroad holds a hearing and no additional hearing is required prior to a revocation by more than one railroad arising from the same facts.

(h) The period of certificate suspension prior to the commencement of a hearing required under this

section shall be credited towards satisfying any applicable revocation period imposed in accordance with the provisions of § 240.117.

(i) A railroad:

(1) Shall not determine that the person failed to meet the qualification requirements of this part and shall not revoke the person's certification as provided for in paragraph (a) of this section if sufficient evidence exists to establish that an intervening cause prevented or materially impaired the locomotive engineer's ability to comply with the railroad operating rule or practice which constitutes a violation under § 240.117(e)(1) through (e)(5) of this part; or

(2) May determine that the person meets the qualification requirements of this part and decide not to revoke the person's certification as provided for in paragraph (a) of this section if sufficient evidence exists to establish that the violation of § 240.117(e)(1) through (e)(5) of this part was of a minimal nature and had no direct or potential effect on rail safety.

(j) The railroad shall place the relevant information in the records maintained in compliance with § 240.309 for Class I (including the National Railroad Passenger Corporation) and Class II railroads, and § 240.15 for Class III railroads if sufficient evidence meeting the criteria provided in paragraph (i) of this section, becomes available either:

(1) Prior to a railroad's action to suspend the certificate as provided for in paragraph (b)(1) of this section; or

(2) Prior to the convening of the hearing provided for in this section;

(k) Provided that the railroad makes a good faith determination after a reasonable inquiry that the course of conduct provided for in paragraph (i) of this section is appropriate, the railroad which does not suspend a locomotive engineer's certification, as provided for in paragraph (a) of this section, is not in violation of paragraph (a) of this section.

**HISTORY:** *[58 FR 19004*, Apr. 9, 1993; *60 FR 53133, 53137*, Oct. 12, 1995; *64 FR 60966, 60994*, Nov. 8, 1999]

**AUTHORITY:** AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
*49 U.S.C. 20103*, 20107, 20135, 21301, 21304, 21311; *28 U.S.C. 2461*, note; and *49 CFR 1.49*.

**NOTES:** [EFFECTIVE DATE NOTE: *64 FR 60966, 60994*, Nov. 8, 1999, amended this section, effective Jan. 7, 2000.]

1360 words

LEXSTAT 49 CFR 240.117

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

\*\*\* THIS SECTION IS CURRENT THROUGH THE SEPTEMBER 20, 2006 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 49 -- TRANSPORTATION
SUBTITLE B -- OTHER REGULATIONS RELATING TO TRANSPORTATION
CHAPTER II -- FEDERAL RAILROAD ADMINISTRATION, DEPARTMENT OF
TRANSPORTATION
PART 240 -- QUALIFICATION AND CERTIFICATION OF LOCOMOTIVE ENGINEERS
SUBPART B -- COMPONENT ELEMENTS OF THE CERTIFICATION PROCESS

*49 CFR 240.117*

§ 240.117 Criteria for consideration of operating rules compliance data.

(a) Each railroad's program shall include criteria and procedures for implementing this section.

(b) A person who has demonstrated a failure to comply, as described in paragraph (e) of this section, with railroad rules and practices for the safe operation of trains shall not be currently certified as a locomotive engineer.

(c)(1) A certified engineer who has demonstrated a failure to comply, as described in paragraph (e) of this section, with railroad rules and practices for the safe operation of trains shall have his or her certification revoked.

(2) A Designated Supervisor of Locomotive Engineers, a certified locomotive engineer pilot or an instructor engineer who is monitoring, piloting or instructing a locomotive engineer and fails to take appropriate action to prevent a violation of paragraph (e) of this section, shall have his or her certification revoked. Appropriate action does not mean that a supervisor, pilot or instructor must prevent a violation from occurring at all costs; the duty may be met by warning an engineer of a potential or foreseeable violation. A Designated Supervisor of Locomotive Engineers will not be held culpable under this section when this monitoring event is conducted as part of the railroad's operational compliance tests as defined in §§ 217.9 and 240.303 of this chapter.

(3) A person who is a certified locomotive engineer but is called by a railroad to perform the duty of a train crew member other than that of locomotive engineer, and is performing such other duty, shall not have his or her certification revoked based on actions taken or not taken while performing that duty.

(d) Limitations on consideration of prior operating rule compliance data. Except as provided for in paragraph (i) of this section, in determining whether a person may be or remain certified as a locomotive engineer, a railroad shall consider as operating rule compliance data only conduct described in paragraphs (e)(1) through (e)(5) of this section that occurred within a period of 36 consecutive months prior to the determination. A review of an existing certification shall be initiated promptly upon the occurrence and documentation of any conduct described in this section.

(e) A railroad shall only consider violations of its operating rules and practices that involve:

(1) Failure to control a locomotive or train in accordance with a signal indication, excluding a hand or a radio signal indication or a switch, that requires a complete stop before passing it;

(2) Failure to adhere to limitations concerning train speed when the speed at which the train was operated exceeds the maximum authorized limit by at least 10 miles per hour. Where restricted speed is in effect, railroads shall consider only those violations of the conditional clause of restricted speed rules (i.e.,

the clause that requires stopping within one half of the locomotive engineer's range of vision), or the operational equivalent thereof, which cause reportable accidents or incidents under part 225 of this chapter, except for accidents and incidents that are classified as "covered data" under § 225.5 of this chapter (i.e., employee injury/illness cases reportable exclusively because a physician or other licensed health care professional either made a one-time topical application of a prescription-strength medication to the employee's injury or made a written recommendation that the employee: Take one or more days away from work when the employee instead reports to work (or would have reported had he or she been scheduled) and takes no days away from work in connection with the injury or illness; work restricted duty for one or more days when the employee instead works unrestricted (or would have worked unrestricted had he or she been scheduled) and takes no other days of restricted work activity in connection with the injury or illness; or take over-the-counter medication at a dosage equal to or greater than the minimum prescription strength, whether or not the employee actually takes the medication, as instances of failure to adhere to this section;

(3) Failure to adhere to procedures for the safe use of train or engine brakes when the procedures are required for compliance with the initial terminal, intermediate terminal, or transfer train and yard test provisions of 49 CFR part 232 or when the procedures are required for compliance with the class 1, class 1A, class II, or running brake test provisions of 49 CFR part 238;

(4) Occupying main track or a segment of main track without proper authority or permission;

(5) Failure to comply with prohibitions against tampering with locomotive mounted safety devices, or knowingly operating or permitting to be operated a train with an unauthorized disabled safety device in the controlling locomotive. (See 49 CFR part 218, subpart D and Appendix C to part 218);

(6) Incidents of noncompliance with § 219.101 of this chapter; however such incidents shall be considered as a violation only for the purposes of paragraphs (g)(2) and (3) of this section;

(f)(1) If in any single incident the person's conduct contravened more than one operating rule or practice, that event shall be treated as a single violation for the purposes of this section.

(2) A violation of one or more operating rules or practices described in paragraph (e)(1) through (e)(5) of this section that occurs during a properly conducted operational compliance test subject to the provisions of this chapter shall be counted in determining the periods of ineligibility described in paragraph (g) of this section.

(3) An operational test that is not conducted in compliance with this part, a railroad's operating rules, or a railroad's program under § 217.9 of this chapter, will not be considered a legitimate test of operational skill or knowledge, and will not be considered for certification, recertification or revocation purposes.

(g) A period of ineligibility described in this paragraph shall:

(1) Begin, for a person not currently certified, on the date of the railroad's written determination that the most recent incident has occurred; or

(2) Begin, for a person currently certified, on the date of the railroad's notification to the person that recertification has been denied or certification has been revoked; and

(3) Be determined according to the following standards:

(i) In the case of a single incident involving violation of one or more of the operating rules or practices described in paragraphs (e)(1) through (e)(5) of this section, the person shall have his or her certificate revoked for a period of one month.

(ii) In the case of two separate incidents involving a violation of one or more of the operating rules or practices described in paragraphs (e)(1) through (e)(5) of this section, that occurred within 24 months of each other, the person shall have his or her certificate revoked for a period of six months.

(iii) In the case of three separate incidents involving violations of one or more of the operating rules or practices, described in paragraphs (e)(1) through (e)(6) of this section, that occurred within 36 months of each other, the person shall have his or her certificate revoked for a period of one year.

(iv) In the case of four separate incidents involving violations of one or more of the operating rules or practices, described in paragraphs (e)(1) through (e)(6) of this section, that occurred within 36 months of each other, the person shall have his or her certificate revoked for a period of three years.

(v) Where, based on the occurrence of violations described in paragraph (e)(6) of this section, different periods of ineligibility may result under the provisions of this section and § 240.119, the longest period of revocation shall control.

(4) Be reduced to the shorter periods of ineligibility imposed by paragraphs (g)(1) through (3) of this section as amended, and effective January 7, 2000 if the incident:

(i) Occurred prior to January 7, 2000; and

(ii) Involved violations described in paragraphs (e)(1) through (e)(5) of this section; and

(iii) Did not occur within 60 months of a prior violation as described in paragraph (e)(6) of this section.

(h) *Future eligibility to hold certificate.* A person whose certification has been denied or revoked shall be eligible for grant or reinstatement of the certificate prior to the expiration of the initial period of revocation only if:

(1) The denial or revocation of certification in accordance with the provisions of paragraph (g)(3) of this section is for a period of one year or less;

(2) Certification was denied or revoked for reasons other than noncompliance with § 219.101 of this chapter;

(3) The person has been evaluated by a Designated Supervisor of Locomotive Engineers and determined to have received adequate remedial training;

(4) The person has successfully completed any mandatory program of training or retraining, if that was determined to be necessary by the railroad prior to return to service; and

(5) At least one half the pertinent period of ineligibility specified in paragraph (g)(3) of this section has elapsed.

(i) In no event shall incidents that meet the criteria of paragraphs (i)(1) through (4) of this section be considered as prior incidents for the purposes of paragraph (g)(3) of this section even though such incidents could have been or were validly determined to be violations at the time they occurred. Incidents that shall not be considered under paragraph (g)(3) of this section are those that:

(1) Occurred prior to May 10, 1993;

(2) Involved violations of one or more of the following operating rules or practices:

(i) Failure to control a locomotive or train in accordance with a signal indication;

(ii) Failure to adhere to limitations concerning train speed;

(iii) Failure to adhere to procedures for the safe use of train or engine brakes; or

(iv) Entering track segment without proper authority;

(3) Were or could have been found to be violations under this section contained in the 49 CFR, parts 200 to 399, edition revised as of October 1, 1992; and

(4) Would not be a violation of paragraph (e) of this section.

(j) In no event shall incidents that meet the criteria of paragraphs (j)(1) through (2) of this section be considered as prior incidents for the purposes of paragraph (g)(3) of this section even though such incidents could have been or were validly determined to be violations at the time they occurred. Incidents that shall not be considered under paragraph (g)(3) of this section are those that:

(1) Occurred prior to January 7, 2000;

(2) Involved violations of one or more of the following operating rules or practices:

(i) Failure to control a locomotive or train in accordance with a signal indication that requires a complete stop before passing it;

(ii) Failure to adhere to limitations concerning train speed when the speed at which the train was

operated exceeds the maximum authorized limit by at least 10 miles per hour or by more than one half of the authorized speed, whichever is less;

(3) Were or could have been found to be violations under this section contained in the 49 CFR, parts 200 to 399, edition revised as of October 1, 1999; and

(4) Would not be a violation of paragraph (e) of this section.

**HISTORY:** *[56 FR 28254*, June 19, 1991, as amended at *58 FR 19003*, Apr. 9, 1993; *64 FR 60966, 60990*, Nov. 8, 1999; *68 FR 10108, 10139*, Mar. 3, 2003]

**AUTHORITY:** AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
*49 U.S.C. 20103*, 20107, 20135, 21301, 21304, 21311; *28 U.S.C. 2461*, note; and *49 CFR 1.49*.

**NOTES:** [EFFECTIVE DATE NOTE: *68 FR 10108, 10139*, Mar. 3, 2003, revised paragraph (e)(2), effective May 1, 2003.]

1903 words